STEPTOE, JUDGE:
Claimant was driving his Ford Pinto east on State Route 41 in Nicholas county, West Virginia, on or about June 16, 1985, when the right front wheel crossed a hole within the paved portion of the right lane, causing momentary loss of control, during which time claimant was thrown against the steering wheel. This Court determined the issue of liability in favor of the claimants in an opinion issued on April 29, 1991. The issue of damages was entertained by the Court in a subsequent hearing.
Claimant James Michael McKinney alleges that he sustained personal injury as a result of this accident. He sought medical assistance several hours after the accident. He drove himself to the Summersville Memorial Hospital and he was admitted for observation of potential back injuries. He was released on June 20, 1985. Claimant alleges severe back injuries, and other injuries, and that as a proximate result of said injury he has been permanently disabled from gainful employment. The claimant’s wife alleges loss of consortium. Property damage to claimants’ Ford Pinto was alleged in the amount of $2,000.00.
Mr. McKinney testified that prior to his car accident he had been gainfully employed by Fayette Block Company, earning the prevailing minimum wage. This employment began in 1980 and appeared to be seasonal employment from June to November of each year. Mr. McKinney stated that Fayette Block could not make blocks in the wintertime, and he would be laid off accordingly. However, Mr. Keith Kiser, who coordinates unemployment and welfare benefits for the West Virginia Department of Health and Human Resources serving the community in which the claimants reside, testified that Department records reflect that Mr. McKinney had discontinued this work due to illness in October of 1984. Mr. Kiser’s testimony thus indicated that the claimant had stopped working at Fayette Block eight months before the automobile accident. The claimant’s initial testimony was that he was working for Fayette Block at the time of the accident. The claimant subsequently changed this testimony under cross examination and stated that he was laid off from Fayette Block when the accident occurred, “because it was wintertime.” The automobile accident occurred in June of 1985, summertime. It appears that the claimant was not employed by Fayette Block when the automobile accident occurred. Accordingly, estimates of the claimant’s loss of earnings based upon projected employment with Fayette Block cannot and will not be considered by the Court.
*88 Furthermore, the Court is concerned that the claimant’s alleged inability to work as a result of the alleged injuries sustained in the automobile accident may have been the result of a pre-existing physical injury or impairment, unrelated and not aggravated by the automobile accident which is the subject of this claim. Mrs. McKinney testified that her husband had complained about back pain while he worked as a janitor at the Nettie Grade School. The claimant testified that he did not have a prior history of back pain before the automobile accident. However, Mr. Kiser, the representative of the State welfare programs, testified that Department of Health and Human Resources records verify that the claimant was employed as the custodian of the Nettie Grade School after leaving Fayette Block in 1984. Therefore, it is apparent that claimant’s back pain was observed by his wife when he worked as a janitor which was prior to the automobile accident in 1985.
Claimant’s physicians testified that he had a congenital back defect. A degenerative disc and arthritis were also observed, both of which were suggested by physicians to be preexisting and unrelated to the accident complained of. When the claimant was seen by Dr. J. Stephen Shank at the Summersville Memorial Hospital, the doctor noted in the outpatient record that the claimant had “an acute muscle strain, peptic ulcer, and arthritis.” Dr. Andrew E. Landis, an orthopedic surgeon, who evaluated the claimant for the respondent, testified that the claimant probably sustained a minor strain/sprain type of injury to his low back as a result of the automobile accident described. Dr. Landis qualified this observation by stating that in his opinion the claimant’s subjective complaints far outweighed the objective findings, and the complaints may have been made for purposes of secondary gain. Dr. Landis notes that the claimant’s previous medical records evidence that he hurt his back in a logging industry accident in 1987, two years after the car accident. The court is not unmindful of the claimant’s testimony when asked under oath, “Were you ever hurt on the job anywhere with your back?” and the claimant replied, “No, never
The claimant testified that his earnings per year approximated $7,000.00 to $9,000.00. Estimates of the claimant’s lost earnings resulting from the inability to work were then premised upon those amounts. The claimant was unable to substantiate these earnings with income tax returns as the unavailable. However, the respondent provided the Court with a Social Security Administration statement of claimant’s reported earnings. This document indicates that claimant’s prior representation of gross earnings were exaggerated. Upon review of the exhibit, Dr. William E. Cobb, an economist, testified that the claimants’ actual reported earnings were significantly less than as represented to him, and were probably between $1,000.00 to $1,500.00 per/year from 1971 to 1985. The Court will not consider income which claimant earned for odd jobs, but he did not report this income to State and Federal authorities in tax returns.
The claimant has additionally alleged that his vehicle was damaged in the accident. Again the Court must note the inconsistency of the claimant’s testimony. The claimant’s testimony in the transcript dated September 271, 1990, was that the front right tire had not been punctured when it crossed the hole in the road. Asked a second time whether he was sure the tire had not been damaged, he replied, “No, it didn’t leak.” However, when asked again during the hearing *89 December 6, 1991, the claimant repled that, “the right tire went flat.” The claimant further testified that he had to change the tire. As no estimate of repair was entered into evidence, the Court will not speculate as to what damage actually occurred.
No testimony was received from Mrs. McKinney suggesting a loss of consortium. Although this issue was pleased, it has not been established by the evidence.
The Court is of the opinion that the facts in this claim fail to support an award for damages for the automobile accident which occurred on June 16, 1985. Accordingly, the Court is of the opinion to and does this claim for damages.
Claim disallowed.